IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREEN PARTY OF PENNSYLVANIA, et al. | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CAROL AICHELE, Secretary of the Commonwealth of Pennsylvania, et al. | : | NO. 14-3299 |
| | : | |

ORDER

AND NOW, this 2nd day of March, 2015, upon consideration of plaintiffs' motion for summary judgment (docket no. 25), plaintiffs' motion for leave to file amended motion for partial summary judgment and amended motion for partial summary judgment (docket no. 30)[1] and the motion for summary judgment of defendants (docket no. 26), and in accordance with the accompanying Memorandum, it is hereby ORDERED that:

1.      Plaintiffs' motion for leave to file an amended motion for partial summary judgment is GRANTED and the Clerk shall DOCKET the amended motion and its briefing at docket entry no. 30;

2.      By noon on March 30, 2015, the parties shall SUBMIT affidavits, not to exceed twenty pages, detailing the impact of the requirement under 25 Pa. Stat. Ann. § 2911(d)  that "different sheets must be used for signers resident in different counties" and addressing whether plaintiffs' claims for relief under Counts VII, VIII, XI, XII and XIII present a case or controversy, in light of defendants' representations that the new forms address these concerns;

---

[1] Neither side brought to our attention this procedural blemish, but as the summary judgment motions of both sides have been exhaustively briefed we will not elevate form over substance.  It also bears noting that the Commonwealth's Attorney General's Office entered its appearance on June 24, 2014 at docket entry no. 5, thereby satisfying Fed. R. Civ. P. 5.1 from the inception of this controversy.

3.      Plaintiffs are GRANTED LEAVE to AMEND their complaint to include an Equal Protection Clause claim as to Count X;

4.      Plaintiffs' amended motion for partial summary judgment is GRANTED IN PART and DENIED IN PART;

5.      Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART;

6.      Defendants' motion for summary judgment is GRANTED as to Count XV (the registration requirement) and Counts XVI through XXIII (plaintiffs' motions for relief in the alternative);

7.      Defendants' motion for summary judgment is GRANTED as to Counts I, III, V, IX and XIV (facial challenges to 25 Pa. Stat. Ann. § 2911(a),(c) and (d));

8.      Defendants' motion for summary judgment as to Counts II and IV is DENIED;

9.      Defendants' motion for summary judgment as to Count X is GRANTED IN PART and DENIED IN PART;

10.     Plaintiffs' motion for relief under Counts VII, VIII, XI, XII and XIII is DENIED AS MOOT; [2]

11.     Plaintiffs' motion for declaratory relief and an injunction as to their facial challenges to 25 Pa. Stat. Ann. § 2911(a),(c) and (d), Counts I, III, V and IX is DENIED;

12.     Plaintiffs' motion for relief from the registration requirement for qualified electors (Counts XIV and XV) is DENIED;

13.     Plaintiffs' motion for relief in the alternative, Counts XVI through XXIII, is

_____

[2] As noted in the text of our Memorandum, if it proves to be the case that any of these Counts are not in fact moot, plaintiffs are GRANTED LEAVE to further amend their complaint to reflect the reality extant at noon on March 30, 2015.

DENIED;

14.     Plaintiffs' motion for relief under the National Voter Registration Act, now codified at 52 U.S.C. § 10101, et seq., Count XXIV, is DISMISSED;

15.     Plaintiffs' motion for relief under pending state claims, Counts XXV-XXIX, is DISMISSED;

16.     Plaintiffs' motion for relief from defendants' enforcement of the in-state residency requirement for affiants executing an "Affidavit of Qualified Elector" under 25 Pa. Stat. Ann. § 2911(d), Count II, is GRANTED as to plaintiffs only;

17.     Defendants' enforcement of the in-state residency requirement for affiants executing an "Affidavit of Qualified Elector" under 25 Pa. Stat. Ann. § 2911(d), is DECLARED to be an unconstitutional burden under the First and Fourteenth Amendments of the United States Constitution as applied to plaintiffs only;

18.     Defendants are ENJOINED from enforcing the in-state residency requirement for affiants executing an "Affidavit of Qualified Elector" under 25 Pa. Stat. Ann. § 2911(d)  as to plaintiffs only;

19.     Plaintiffs' motion for relief from defendants' requirement that the "Affidavit of Qualified Elector," required pursuant to 25 Pa. Stat. Ann. §2911(d), be executed in the presence of a person empowered to take acknowledgments, such as a notary, Count IV, is GRANTED as to plaintiffs only;

20.      Defendants' requirement that the "Affidavit of Qualified Elector," required pursuant to 25 Pa. Stat. Ann. §2911(d), be executed in the presence of a person empowered to take acknowledgments, such as a notary, is DECLARED to be an unconstitutional burden as applied to the plaintiffs only under the First and Fourteenth Amendments of the United States

3

Constitution;

21.     Defendants are ENJOINED from requiring the affidavits of nomination papers pursuant to 25 Pa. Stat. Ann. § 2911(d) to be notarized, as to plaintiffs only;

22.     Plaintiffs' motion for relief from 25 Pa. Stat. Ann. § 2911(c)'s prohibition on a qualified elector signing more than one nomination paper for each office to be filled, Count X, is GRANTED IN PART and DENIED IN PART as to plaintiffs only;

23.     25 U.S.C. § 2911(c)'s prohibition on a qualified elector signing more than one nomination paper for each office to be filled is DECLARED to be an unconstitutional burden on the rights of plaintiffs to the equal protection of the law under the Fourteenth Amendment;

24.     Defendants are ENJOINED from enforcing 25 Pa. Stat. Ann. § 2911(c)'s prohibition on a qualified elector signing more than one nomination paper for each office to be filled as to plaintiffs only;

25.     Plaintiffs' motion for relief from 25 Pa. Stat. Ann. § 2911(d)'s requirement that separate sheets be used to record signatures of residents from different counties, Count VI, is DENIED WITHOUT PREJUDICE; and

26.     Defendants' motion for summary judgment as to Count VI is DENIED WITHOUT PREJUDICE.

BY THE COURT:

/s/ Stewart Dalzell, J.